United States District Court
Southern District of Texas
**ENTERED**
June 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SEAN QUINN JULIAN, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. B-17-cv-204 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Sean Quinn Julian's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Julian's "Petition"), and his "Memorandum in Support." Dkt. Nos. 1 and 2. Respondent Lorie Davis has filed a Motion for Summary Judgment with Brief in Support (hereinafter, Davis's "Motion" or "Motion for Summary Judgment"). Dkt. No. 13. For the reasons provided below, it is recommended that Davis's Motion be **GRANTED**, and Julian's Petition be **DISMISSED** with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**I. Jurisdiction**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provide that jurisdiction is proper where the

inmate is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Procedural History and Background

On March 4, 2015, in the 24th Judicial District Court of DeWitt County, Texas, a jury convicted Julian of "indecency to a child." Dkt. No. 11-23 at 12-13 (containing the judgment in *The State of Texas v. Sean Quinn Julian*, Case No. 14-01-11,966). Julian elected to have the trial court assess punishment. *Id*. at 13. The court sentenced him to twenty years in prison. *Id*. at 12-13. The Thirteenth Court of Appeals affirmed Julian's conviction on November 22, 2016. Dkt. No. 11-3 at 6; *see also Julian v. State*, No. 13–15–00176–CR, 2016 WL 6959337, at *3 (Tex. App.-Corpus Christi, Nov. 22, 2016, no pet.) (mem. op., not designated for publication). Julian did not file a petition for discretionary review. Dkt. No. 1 at 3; Dkt. No. 2 at 1.

In affirming his conviction, the Thirteenth Court of Appeals summarized the background facts of Martinez's case as follows:

> Julian was indicted for indecency with a child in January of 2014. The State alleged that Julian touched the breast of his youngest biological child, then fifteen years old, with the intent to arouse or gratify his sexual desire. The daughter testified that she was lying on her bed when her father laid behind her. Both of them were facing the same direction and underneath a blanket. She asserted that in an instant, Julian was rubbing her nipples underneath her bra with his hands. She testified that she could feel his erect penis on her back and that he slowly massaged his way down towards her panty line. . . . The jury found Julian guilty. The trial court sentenced him to 20 years' confinement.

Dkt. No. 11-3 at 2; *Julian v. State*, 2016 WL 6959337, at *1 (formatting altered).

Julian filed an application for a state writ of habeas corpus on March 27, 2017. Dkt. No. 11-23 at 40-56. Pursuant to Section 3(c) of Article 11.07 of the Texas Code of Criminal Procedure, the trial court allowed Julian's application to be overruled by operation of law. Dkt. No. 11-23 at 119.[1] The Texas Court of Criminal Appeals ("TCCA") then denied his application without a written order on June 7, 2017. Dkt. No. 11-22 at 1. Julian filed his instant Petition on October 2, 2017. Dkt. No. 1.[2]

Julian lists four grounds for relief before this Court. Dkt. No. 1 at 6-7; Dkt. No. 2 at 7-10. Specifically, he asserts the following claims:

1. he was denied effective assistance of counsel because his trial counsel failed to object when the State presented inadmissible extraneous-conduct evidence to the jury;

2. he was denied due process when the trial court allowed the jury to consider a prior illegal/void conviction and sentence;

3. he was denied effective assistance of appellate counsel when his counsel failed to raise his due process claim (claim 2),

---

[1] When a trial court takes no action on a petitioner's state habeas application within 20 days of when the state's answer is due, it is "considered a finding that there were no controverted, previously unresolved facts material to the legality of the petitioner's confinement." *Barnett v. Director*, TDCJ–CID, Civil Action No. 5:09–CV–60, 2011 WL 4835686 at *1 (E.D. Tex. Oct. 12, 2011) (citing TEX. CODE CRIM. P. Art. 11.07, Section 3(c)).

[2] Julian certifies that he placed his Petition in the prison mailing system on August 16, 2016. Dkt. No. 1 at 10. This seems unlikely because the Court did not receive Julian's Petition until October 2, 2017. Regardless, the Court need not apply the mailbox rule. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (discussing the mailbox rule and noting that, for statute of limitations purposes, a pro se prisoner's petition is filed on the day it is placed in the prison mailing system). Julian's Petition is timely, even presuming a filing date of October 2, 2017.

        thoroughly research the law, master the trial record, and use his judgment in identifying the relevant appellate arguments;

4.     he was denied due process during his state habeas proceedings because he did not obtain relief, despite demonstrating a prima facie case of ineffective assistance of trial and appellate counsel.

*Id.* Julian also seeks an evidentiary hearing, and claims that the evidence supporting his Petition is not currently in the record. Dkt. No. 1 at 7.

Davis filed her Motion for Summary Judgment on December 12, 2017. Dkt. No. 13. Davis's Motion asserts that all of Julian's claims lack merit, and that he is not entitled to an evidentiary hearing. *Id*. at 7-20. Additionally, Davis states that a certificate of appealability should not issue. *Id*. at 20. Despite being notified of his right to respond (*see* Dkt. No. 6 at 2), Julian has not filed a response to Davis's Motion. This case is now ripe for review.

### III. Governing Law

**28 U.S.C. § 2254**. The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[3] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *See also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (same). "This standard is difficult to meet but 'stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'" *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *2 (N.D. Tex., May 3, 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 102).

With respect to questions of fact, the state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to questions of law, or mixed questions of law and fact adjudicated on the merits in state court, the petitioner must either demonstrate that the state court decision "was contrary to" clearly established Supreme Court precedent, or "involved an unreasonable application of" that precedent. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Pursuant to the "contrary to" clause, district courts may only grant habeas relief if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Pursuant to the "unreasonable application" clause, district courts may only grant relief: (1) when a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case[,]" or (2) when the state court either unreasonably extends a legal

principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

**FED. R. CIV. P. 56**. The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002),

*abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d 661, 668.

**Ineffective Assistance of Counsel.** The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process. *Laffler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 132 S.Ct. 1376, 1385-1386. The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

>guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91; *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

Julian's Petition attacks his conviction for sexually abusing his youngest biological daughter. Dkt. No. 1 at 2; Dkt. No. 11-23 at 12-13 (containing Julian's judgment in *The State of Texas v. Sean Quinn Julian*, Case No. 14-01-11,966); *Julian v. State*, 2016 WL 6959337, at *1 (noting that Julian's victim was his youngest biological daughter). In support of all four of his claims for relief, Julian asserts as follows:

> Because of the overwhelming majority of the proof necessary to establish Applicants claims were outside the record of trial or has occurred or been discovered after trial, an evidentiary hearing is necessary to establish the varacity of Applicants allegations and claims. Therefore, Applicant respectfully requests that this Honorable Court schedule an evidentiary hearing in this case.

Dkt. No. 1 at 7 (errors in original). Julian does not identify any evidence in support of his claims, much less any newly discovered evidence. As detailed below, Julian has not shown an entitlement to an evidentiary hearing because his claims are meritless, unsupported, and subject to summary judgment. *See Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995) ("'[B]old assertions on a critical issue in a habeas petition, unsupported and unsupportable by anything else contained in the record, are insufficient to warrant an evidentiary hearing.") (citations omitted).

**Claim 1**. Julian alleges that his trial counsel provided him with ineffective assistance. Dkt. No. 1 at 6; Dkt. No. 2 at 7. Specifically, he states that his counsel failed to object to the court's admission of testimony concerning an extraneous offense. *Id*. Although his claim is somewhat vague, he indicates that his counsel failed to object to the admission of: (1) testimony concerning his 2014 conviction for

attempted, prohibited sexual conduct; and/or (2) testimony concerning his past sexual abuse of his eldest daughter. *Id.*[4] In support of this claim, Julian states that his counsel did not object to the admission of Officer Daniel Doss's testimony, despite the fact that the court had previously found Officer Doss's testimony to be inadmissible. *Id.* He argues that the results of his proceedings would have been different, had his counsel objected. Dkt. No. 2 at 7. He additionally contends that, if his counsel had objected, any overruling of that objection by the trial court would have amounted to appealable error. *Id.*

Julian raised this same argument in his state application for a writ of habeas corpus. *Compare* Dkt. No. 1 at 6 and Dkt. No. 2 at 7, *with* Dkt. No. 11-23 at 45, 59-64. Pursuant to Section 3(c) of Article 11.07 of the Texas Code of Criminal Procedure, the trial court allowed Julian's application to be overruled by operation of law. Dkt. No. 11-23 at 119. When a trial court takes no action on a petitioner's state habeas application within 20 days of when the State's answer is due, it is "considered a finding that there were no controverted, previously unresolved facts material to the legality of the petitioner's confinement." *Barnett v. Director*, TDCJ–CID, 2011 WL 4835686 at *1 (citing TEX. CODE CRIM. P. Art. 11.07, Section 3(c)).

---

[4] Julian's 2014 conviction involved the sexual abuse of his eldest daughter. *See* Dkt. No. 11-18 at 8 (stipulating that the Information charging Julian with attempted, prohibited sexual conduct utilized a pseudonym in place of the name of his eldest daughter); Dkt. No. 11-21 at 23 (Information charging Julian with attempted, prohibited sexual conduct); Dkt. No. 11-17 at 3, 27, 29, 144-45 (trial transcript referencing the names of Julian's youngest and eldest daughters). The Court will liberally construe Julian's claim to challenge his counsel's failure to object to the admission of testimony regarding his 2014 conviction, and testimony regarding his prior sexual abuse of his eldest daughter. Testimony on both subjects was admitted. *See* Dkt. No. 11-18 at 83, 85 (containing Officer Danial Doss's testimony on both subjects).

After the trial court allowed Julian's application to be overruled by operation of law, the TCCA denied Julian's state application without a written order. Dkt. No. 11-22 at 1.

Generally, when the TCCA denies relief without a written order, it is considered a determination on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Auvenshine v. Davis*, 2018 WL 2064704, at *2. Therefore, the presumption of correctness applicable to a state habeas court's findings of fact will ordinarily apply to its denial of relief without written order, even though the factual findings are implied. *Id*; *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001).

> [A] federal court may infer fact findings consistent with the state court's disposition and assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963); *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

*Auvenshine v. Davis*, 2018 WL 2064704, at *2.

Here, there is no indication that the TCCA applied incorrect legal standards. There is also no indication that the denial of Julian's state habeas application was a procedural, or non-merits based, determination. Therefore, the TCCA's implied findings are entitled to a presumption of correctness, and Julian must satisfy the requirement of § 2254(d) to prevail. Specifically, Julian must demonstrate that the

TCCA's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Julian has not met this burden, or even addressed § 2254(d)'s requirements.[5]

Moreover, even if Julian had attempted to satisfy § 2254(d)'s requirements, there is nothing before the Court to indicate that he would have succeeded. On appeal, Julian argued that the trial court's admission of extraneous-offense testimony constituted error. Dkt. No. 11-23 at 106-108; *Julian v. State*, 2016 WL 6959337, at *1 ("Julian asserts the trial court improperly admitted extraneous-offense evidence that he molested his eldest daughter"). The Thirteenth Court of Appeals did not agree. *Julian v. State*, 2016 WL 6959337, at *2.

Citing to *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992), the Thirteenth Court of Appeals noted that evidence of extraneous conduct can be admitted to prove "the 'system' or 'modus operandi' of the defendant if that system tends to prove a material issue at trial." *Julian v. State*, 2016 WL 6959337, at *2.[6] The Court added that a defendant may also "open the door" to the admission of extraneous-conduct evidence. *Id.* (citing *Bargas v. State*, 252 S.W.3d 876, 890 (Tex. App.–Houston [14th Dist.] 2008, no pet.)). The defendant may open the door, the

---

[5] *See* Dkt. No. 1 at 6; Dkt. No. 2 at 7.

[6] "In the context of extraneous offenses, modus operandi refers to 'a defendant's distinctive and idiosyncratic manner of committing criminal acts.'" *Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005) (quoting *Owens v. State*, 827 S.W.2d 911, 914).

Court stated, by raising a defensive theory in their opening statement that can be specifically rebutted by the extraneous-conduct evidence. *Id*. Alternatively, a defendant may open the door by cross-examining a state witness in a way that "places in controversy" a fact that the witness's testimony was offered to prove. *Id*.

The Thirteenth Court of Appeals then found that Julian had opened the door, allowing for the admission of the extraneous-offense testimony concerning his abuse of his eldest daughter, when he cross-examined his youngest daughter. *Julian v. State*, 2016 WL 6959337, at *2.

> Julian argues that he did not open the door to allow the State to present the extraneous-offense evidence regarding his eldest daughter. The youngest daughter testified for the State during the trial and discussed the alleged abuse. However, through his cross-examination, Julian expressly suggested that the youngest daughter's explanation of events was physically impossible. Julian argued that based on his size, her size, the size of the twin bed, and where the complainant claims her head was resting on the bed, it was impossible for his erect penis to have been pressed against her back. Julian also insinuated that the complainant was framing him because she was upset that their current house in Texas was not as spacious as their previous home. Also, Julian implied his youngest daughter was motivated to lie about the alleged sexual contact because she was upset that he failed to check on her well-being while she was in the hospital. We hold that the defensive theories Julian raised through cross examination opened the door to the State's extraneous-offense evidence. *See Dabney [v. State*, 492 S.W.3d 309, 317 (Tex. Crim. App. 2016)]; *Bass [v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008)].

*Id*.

The Thirteenth Court of Appeals additionally held that the testimony was admissible for the purpose of showing Julian's modus operandi. *Julian v. State*, 2016 WL 6959337, at *3.

> We also disagree with Julian's argument that it was improper for the State to offer the extraneous offense evidence as modus operandi evidence. Although Julian argues that the concept of modus operandi is "vague and nebulous," admitting evidence under Rule 404(b) to show modus operandi is perfectly valid. *See Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005); *Grant v. State*, 475 S.W.3d 409, 419 (Tex. App.–Houston [14th Dist.] 2015, pet. ref'd). The State offered the extraneous offense evidence to show the identical manner of committing the alleged offenses. Both offenses were sexual assaults committed against minor females, both of whom were Julian's biological daughters. In both cases, Julian would lie down behind his daughter, under a blanket, and massage his daughters' breasts underneath their bras, gradually massaging down towards the panty line. *See id*. We find that the extraneous-offense evidence was admissible for the noncharacter-conformity purpose of showing modus operandi. *See Bass*, 270 S.W.3d at 563; *Owens*, 827 S.W.2d at 914.

*Id*. As Julian raised no other issue on appeal, the Court affirmed Julian's conviction. *Id*. ("We conclude that the trial court did not abuse its discretion by admitting the extraneous offense evidence. *See De La Paz* [v. *State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009)]. We overrule Julian's sole issue.").

This Court's review of the record confirms that, in cross examining his youngest daughter, Julian suggested that her explanation of events was physically impossible due to his and her respective heights. Dkt. No. 11-17 at 109-114. He also implied that she had a motive to frame him because she was angry over his failure to check on her while she was in the hospital. *Id*. at 66-67, 114-118. Thus, irrespective of whether the testimony was admissible to show Julian's modus operandi, the trial court did not err in finding that Julian had opened the door to the testimony. *See Bargas v. State*, 252 S.W.3d 876, 890-91 (noting that extraneous-offense evidence is admissible to rebut defensive theories introduced

through the cross-examination of a state witness when the witness's responses "effectively place in controversy a fact that [their] testimony was offered to prove.").

Because the trial court did not err in admitting the extraneous-offense testimony, Julian's counsel did not perform deficiently in failing to object and/or preserve error. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"); *Turner v. Quarterman*, 481 F.3d 292, 298 n.4 (5th Cir. 2007) (same). The TCCA's denial of Julian's ineffective assistance of counsel claim was, therefore, proper. Accordingly, Julian has not demonstrated that the TCCA's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Julian's first claim lacks merit. Summary judgment should issue.

**Claim 2**. Julian asserts that the trial court erred, in violation of his due process rights, when it allowed the jury to consider his 2014 conviction and sentence for attempted, prohibited sexual conduct. Dkt. No. 1 at 6; Dkt. No. 2 at 8. Julian characterizes his 2014 conviction and sentence as "an illegal sentence/void judgment[.]" *Id*. Nevertheless, he does not support this characterization with any arguments or evidence, and the record before this Court does not support his characterization. *See* Dkt No. 11-21 at 13-15 (judgment of conviction for attempted prohibited sexual conduct). More importantly, Julian raised this same argument in

his state application for a writ of habeas corpus. *Compare* Dkt. No. 1 at 6 and Dkt. No. 2 at 8, *with* Dkt. No. 11-23 at 45, 59-64. The TCCA denied his claim. Dkt. No. 11-22 at 1.

Julian has not argued,[7] much less demonstrated, that the TCCA's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Julian's second claim lacks merit and is subject to summary judgment.

**Claim 3**. Julian contends that his appellate counsel provided him with ineffective assistance when he failed to raise Claim 2 on appeal. Dkt. No. 1 at 7; Dkt. No. 2 at 9. Julian also claims that his counsel failed to thoroughly research the law, master the trial record, and use his judgment in identifying the relevant appellate arguments. *Id*. Julian's allegations here are undermined by: (1) his failure to show that Claim 2 has merit; and (2) his failure to support his allegations with any additional facts, evidence, or arguments. *Id*. Additionally, Julian raised these same allegations in his state application for a writ of habeas corpus. *Compare id.*, *with* Dkt. No. 11-23 at 49, 69-73. The TCCA denied his claim. Dkt. No. 11-22 at 1.

---

[7] *See* Dkt. No. 1 at 6; Dkt. No. 2 at 8.

Here again, Julian has not argued,[8] much less demonstrated, that the TCCA's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Julian's third claim lacks merit and is subject to summary judgment. *See id.*

**Claim 4**. In his fourth and final claim, Julian asserts that he was denied due process during his state habeas proceedings. Dkt. No. 1 at 7; Dkt. No. 2 at 10. He contends that, despite asserting specific facts demonstrating a prima facie case of ineffective assistance of trial and appellate counsel in those proceedings, his application was still denied. *Id.* As Julian does not provide any additional facts in support of this claim, it is conclusory and subject to dismissal. *See Day v. Quarterman*, 566 F.3d 527, 540–41 (5th Cir. 2009) (conclusory allegations are insufficient to state a claim).

Additionally, this claim is not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319–20 (5th Cir. 2001) ("A long line of cases from our circuit dictates that 'infirmities in state habeas proceedings do not constitute grounds for relief in federal court.'") (citations omitted); *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) (claims attacking an inmate's state habeas procedure are not cognizable on federal habeas review) "This is because 'an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not

---

[8] *See* Dkt. No. 1 at 7; Dkt. No. 2 at 9.

the detention itself.'" *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (quoting *Rudd v. Johnson*, 256 F.3d 317, 320); *McCurry v. Davis*, No: MO:17-CV-00156-RAJ, 2017 WL 6803765, at *2 (W.D. Tex., Nov. 29, 2017) (same). Julian's fourth and final claim is meritless. Summary judgment should issue.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000). A certificate of appealability should not issue in this case because Julian has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court **GRANT** Davis's Motion for Summary Judgment (Dkt. No. 13), and **DISMISS** Julian's Petition (Dkt. No. 1) with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 29th day of June, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**